IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ALICIA LYNN RODDY,

    Petitioner,

v.                                           Case No. 5:22cv309/TKW/MAL

BARRY WINGFIELD,
WARDEN F.C.I. MARIANNA[1]

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This case is before me on the Government's response in opposition to Petitioner Alicia Lynn Roddy's amended § 2241 petition and Roddy's reply thereto. ECF Nos. 11, 13, 14. After careful consideration of the record and relevant law, I find no relief is warranted on Roddy's first two claims, and she has not established she is entitled to proceed under § 2241 as to the remaining two claims.

**I.  BACKGROUND**

On November 5, 2020, Roddy was sentenced in the United States District Court for the Northern District of Texas to a term of 188 months' imprisonment after

---

[1] It is sufficient to generically identify the warden of the facility where Petitioner is currently incarcerated as the respondent in the instant petition. *See Hamric v. Warden, FCI Mendota*, Cases 1:20-00480-CG-N, 1:09-00250-CG-N, 2021 WL 2325333, at *1 n.1 (S.D. Ala. May 6, 2021). However, the Court has been advised that Warden Pistro, who was previously named as respondent has been replaced by Barry Wingfield. Pursuant to Fed.R.Civ.P. 25(d), Warden Wingfield is automatically substituted as a party in this action.

pleading guilty to possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). ECF No. 13-1 at 2; *United States v. Roddy*, 812 F. App'x 285 (5th Cir. 2020). She was originally sentenced to a term of 235 months' imprisonment, but the district court reduced her sentence to 188 months after the Fifth Circuit vacated and remanded her sentence based on clear error in the calculation of drug quantity attributable to her. *Roddy*, 812 F. App'x at 285. Roddy is currently in custody at the Federal Correctional Institution in Mariana, Florida with a projected release date of April 16, 2031. *See* ECF No. 13-1 at 2 and https://www.bop.gov/inmateloc/.

## II. DISCUSSION

In her petition, dated April 4, 2023, Roddy identifies four grounds for relief. The first two grounds, "FSA Implementation" and "CARES Act" include virtually no supporting facts. The remaining two grounds, "Elimination of Gun Enhancement under *U.S. v. Ruan*" and "Diminished Capacity" include more supporting facts but do not provide a basis for relief under § 2241.

### A. FSA Implementation

Roddy identifies her first ground for relief as "FSA Implementation." ECF No. 11 at 3. Neither the basis for her complaint nor the relief she requests is clear. In her supporting facts she states she has received her one year off as prescribed by

the First Step Act, which reduced her sentence. She says, "Petitioner pro se stipulates to Ground One of the heretofore petition." *Id.*

The Warden's response confirms Roddy's FSA credits have been calculated and 365 days of credit have been applied to her sentence. ECF No. 13-1 at 2. He therefore asserts Roddy's claim based on the FSA is moot. Roddy does not rebut this position in her reply. Therefore, absent any basis for relief, Ground One, regarding FSA implementation, should be denied.

### B. CARES Act

Roddy's second ground for relief is "CARES Act." ECF No. 11 at 3. In the space for supporting facts Roddy states "Still pending as Petitioner pro se meets all requirements of 'totality of circumstances.'" *Id.*

The Warden's response interprets Roddy's claim as a request that she be placed on home confinement. To this extent, the Warden asserts the Court does not have authority under the CARES Act to provide the requested relief. *See United States v. Witt*, 43 F. 4th 1188, 1197, n.6 (11th Cir. 2022). Again, in her reply, Roddy rebuts neither Respondent's interpretation of her claim, nor his conclusion.

Roddy has not shown she is entitled to relief and Ground Two should be denied.

### C. Claims related to Conviction

Roddy's third and fourth grounds for relief challenge the validity of her conviction and sentence in the Northern District of Texas. In Ground Three Roddy contends the "gun enhancement" no longer applies to her after *United States v. Ruan*,[2] 56 F. 4th 1291 (11th Cir. 2023) because she had no knowledge of the gun or intent to possess it. ECF No. 11 at 5. In Ground Four, she appears to claim she should not have been convicted of conspiracy due to her "diminished capacity" which resulted from her drug addiction. *Id.* at 6. Such claims are typically brought via 28 U.S.C. § 2255 in the district of conviction. The Warden's only response to these to claims is to repeat as to each claim Roddy "must raise this issue before her sentencing court in the district of conviction, if procedurally possible under the controlling precedent in the Fifth Circuit." ECF No. 13 at 2.

The Court has confirmed Roddy filed a § 2255 motion in the Northern District of Texas, Case 4:21cv1244, in November of 2021. She raised two ineffective assistance of counsel claims, asserting trial counsel was ineffective (1) for failing to

---

[2] Petitioner presumably refers to *United States v. Ruan*, 56 F. 4th 1291 (11th Cir. 2023). *Ruan* held, on remand from the Supreme Court, that jury instructions had to convey that defendant physicians had knowingly or intentionally prescribed controlled substances outside the usual course of their professional practice to be guilty of dispensing controlled substances in violation of the Controlled Substances Act. *Id.* at 1298. The Supreme Court's decision in *Ruan v. United States*, 142 S. Ct. 2370, 2375 (2022) clarified the appliable mens rea the Government must prove under the CSA.

object to the PSR's dangerous weapon and distribution enhancements and (2) for not appealing the enhancements to her sentence. The Texas court denied her motion on September 6, 2022. Case 4:21cv1244, ECF No. 14. Roddy's appeal was dismissed on September 7, 2023, for want of prosecution, approximately five months after she filed the instant petition. Case 4:21cv1244, ECF No. 21.

The continuation or execution of an initially valid confinement is generally the sole issue in a § 2241 action. *See Thomas v. Crosby*, 371 F.3d 782, 810 (11th Cir. 2004); *United States v. Jordan,* 915 F.2d 622, 629 (11th Cir. 1990); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351–52 (11th Cir. 2008); *Bishop v. Reno*, 210 F.3d 1295, 1304 (11th Cir. 2000). A collateral attack on the validity of a federal conviction and sentence, such as Roddy raises in Grounds Three and Four, is more properly brought under 28 U.S.C. § 2255 in the district of conviction. *Antonelli*, 542 F.3d at 1351; *Jordan,* 915 F.2d at 629; *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hadjuk v. United States*, 764 F.2d 795 (11th Cir. 1985).

Generally, "a federal prisoner seeking to challenge the legality of his conviction or sentence has two bites at the apple: one on direct appeal, and one via a § 2255 motion." *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1339 (11th Cir. 2013) (abrogated on other grounds). That is to say that § 2241 does not routinely provide yet another means of attack. However, § 2255 also contains a

saving clause that allows a federal prisoner to challenge his conviction by filing a § 2241 habeas petition if it "appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). A prisoner seeking to use the saving clause bears the burden of showing that a § 2255 motion is "inadequate or ineffective to test the legality of his detention." *Parson v. Warden*, 836 F. App'x 825 (11th Cir. 2020) (citing *McCarthan v. Director of Goodwill Industries-Suncoast, Inc.,* 851 F.3d 1076, 1081 (11th Cir. 2017) (internal citation omitted)). Roddy has not met this burden.

The Supreme Court's decision in *Ruan* was issued on June 27, 2022, while Roddy's § 2255 motion was still pending in the Northern District of Texas. Therefore, she could have moved to amend her motion to raise the issue as part of that proceeding.[3] Her diminished capacity claim, which is not based on an intervening change in the law, likewise could and should have been raised before the sentencing court in her initial § 2255 motion. Roddy's reply does not address this issue, but rather appears to challenge the appellate court's ruling on an entirely separate basis, claiming she is "actually factually innocent" of conspiracy and should have been charged only with simple possession. Again, this issue is not properly

---

[3] *Ruan*, as was noted earlier, clarified the mens rea applicable to a federal statute. Because this claim is not properly before this Court, it need not address whether *Ruan* would apply to the guidelines enhancement Roddy seeks to challenge.

before me in this case, and nowhere does Roddy suggest that she petitioned the Fifth Circuit for leave to file a second or successive motion under 28 U.S.C. § 2255(h). This also weighs against a finding that the § 2255 remedy was "ineffective."

Because these claims are not appropriate for the instant § 2241 proceeding, Roddy's Grounds Three and Four should be dismissed.

Accordingly, it is respectfully RECOMMENDED:

1. Grounds One and Two of Roddy's amended petition under 28 U.S.C. § 2241 (ECF No. 8) be DENIED, and Grounds Three and Four of the amended petition be DISMISSED.

2. The clerk be directed to close the case file.

At Gainesville, Florida on January 30, 2024.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.